IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CV-123-BO

| | | |
|---|---|---|
| JF ACQUISITION, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ED PEDCHENKO and SOURCE NORTH | ) | |
| AMERICA CORP., | ) | |
|     Defendants. | ) | |

This matter is before the Court on defendants' motion to dismiss [DE 14]. The matter has been fully briefed and is ripe for ruling. For the following reasons, defendants' motion is granted.

## BACKGROUND

Plaintiff, who does business as Jones & Frank, and Defendant Source North America are competitors in the petroleum equipment and service industry. They both provide products and service for retail gas stations and other users of fueling equipment. Defendant Ed Pedchenko worked as a sales manager for Jones & Frank from 2012 until he left to work for Defendant Source North America in February 2018. When beginning employment with Jones & Frank, he signed an employment contract that included both a non-compete agreement and a non-solicitation agreement. [DE 1-1 Ex. A]. The non-compete agreement, in relevant part, prevented him from working for a competitor in the same region for 12 months following the termination of his employment with Jones & Frank. The non-solicitation agreement prevented him from seeking out or soliciting Jones & Frank's clients or customers for 18 months following the end of his employment.

Plaintiff originally filed suit in Wake County Superior Court, alleging that Pedchenko's work for Source North America violated the two provisions [DE 1-1]. Plaintiff asserted a breach

of contract claim against Pedchenko and a tortious interference claim against Source North America and sought temporary and ongoing injunctive relief.

Defendants removed the case to this Court on the basis of diversity jurisdiction and moved to dismiss. Defendants argue that this Court lacks personal jurisdiction over defendant Pedchenko, and that the covenant is unenforceable.

## DISCUSSION

I. Personal Jurisdiction

First, defendants move to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing this Court lacks personal jurisdiction over defendant Pedchenko.

When signing a contract, parties may agree to resolve any dispute that may arise in a particular forum. Here, defendant Pedchenko's agreement included a forum selection clause, which stated that the courts of North Carolina would be the proper place to address any potential dispute. [DE 1-1 at 19]. "It is well-established that in North Carolina a consent-to-jurisdiction provision 'does not violate the Due Process Clause and is valid and enforceable unless it is the product of fraud or unequal bargaining power or unless enforcement of the provision would be unfair or unreasonable.'" *Strategic Outsourcing, Inc. v. Stacks,* 176 N.C. App. 247, 251, 625 S.E.2d 800, 803 (2006) (quoting *Retail Investors, Inc. v. Henzlik Inv. Co.,* 113 N.C.App. 549, 552, 439 S.E.2d 196, 198 (1994)). Defendant Pedchenko consented to jurisdiction in this Court, and so this Court has personal jurisdiction over him.

II. Failure to State a Claim

Next, defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain,* 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the

court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Plaintiff's complaint is dismissed because the agreement they are suing under is legally unenforceable. Covenants not to compete like the one at issue here are disfavored in North Carolina law. *VisionAIR, Inc. v. James*, 167 N.C. App. 504, 509 (2004). Such an agreement must be no wider in scope than necessary to protect the business interests of the employer. *Med Staffing Network, Inc. v. Ridgeway*, 194 N.C. App. 649, 656 (2009). The party who seeks to enforce non-compete agreement is the one who must show that the covenant is reasonable. *Kadis v. Britt*, 224 N.C. 154, 158 (1944). An agreement must meet the following five criteria: it must be "(1) in writing; (2) reasonable as to terms, time, and territory; (3) made a part of the

employment contract; (4) based on valuable consideration; and (5) not against public policy." *Triangle Leasing Co. v. McMahon*, 327 N.C. 224, 228 (1990).

It is not in dispute that the covenant was in writing, as part of an employment agreement, or made for consideration, so the Court will move to whether the agreement is reasonable. Whether an agreement is reasonable is a question of law. *See Okuma Am. Corp v. Bowers*, 181 N.C. App. 85, 86 (2007); *Shute v. Heath*, 131 N.C. 281, 282 (1902). Agreements that cover long periods of time or large geographic areas are less likely to be reasonable. *Jewel Box Stores Corp. v. Morrow*, 272 N.C. 659, 665 (1968). Agreements cannot outright prevent a former employee from working for a competitor. *VisionAIR, Inc. v. James*, 167 N.C. App. at 508-09. Overly broad terms can also lead to a covenant being unenforceable, *Farr Assocs., Inc. v. Baskin,* 138 N.C. App. 276, 282 (2000), as can restrictions that are too vague. *Superior Performers, Inc. v. Meakie*, 2014 WL 1412434 (M.D.N.C. April 11, 2014) (*citing United Labs. v. Kuykendall*, 322 N.C. 643, 660 (1988); *Wade S. Dunbar Ins. Agency, Inc. v. Barber*, 147 N.C. App. 463, 469 (2001)). Covenants that are too broad or otherwise unreasonable will not be rewritten by the courts; they will be invalidated. *Id.* at 508.

The agreement is too broad to be reasonable and so is unenforceable. The agreement contains three terms that this Court finds to be too vague to be reasonable—"substantially similar," "involved with," and "assisted." These terms are undefined in the agreement and cover such a wide swath of potential conduct that the agreement cannot be enforced.

First, defendant Pedchenko is precluded from doing any work that is "substantially similar" to the work defendant did plaintiff. [DE 1-1 at 16]. This term is undefined, and covers a wide variety of potential work. Plaintiff, apart from describing other agreements that are more

draconian than this one [DE 25 at 23-14], simply reiterates the terms of the agreement in opposing defendants' motion to dismiss.

Terms are read in the context of the agreement in which they are found. Plaintiff does not establish how the legitimate business interests in question are so substantial that such a broad and vague term as "substantially similar" is needed in order for it to be protected. The term "involved with" in the agreement also has this flaw. Plaintiff's allegation is centered on defendant Pedchenko's work as sales representative, Pedchenko's control over the customer lists, and the resulting potential harm to plaintiff's business interests. But being involved is a far broader concept than the specific issues with maintaining or retaining client relationships. An employee with no control or decisionmaking power would have been "involved with" the aspects of the business for which he or she worked, but would not have any ability to harm the legitimate business interests of that employer. Finally, the term "assisted" is overbroad. It expands the geographic area defendant Pedchenko is restricted from to an unreasonable level. All these terms taken together make the covenant not to compete too vague and too broad. The agreement is unenforceable.

Plaintiff argues that even if these terms are broad and ill-defined, the specifics of this particular defendant means the agreement is enforceable. But that is not how this works. The terms are the subject of the inquiry. Under plaintiff's theory, if defendant Pedchenko had signed a 100-year agreement, but had violated it the next day, that agreement would be reasonable. That argument fails.

Because the agreement between Pedchenko and plaintiff is unenforceable as a matter of law, plaintiff's claim against defendant Source North America must also be dismissed. To interfere with a contractual relationship, that contract must be enforceable as a matter of law.

*Kuykendall*, 322 N.C. App. at 661. As the agreement at issue is not enforceable, Source North America did not violate it. The claim is dismissed.

## CONCLUSION

For the above reasons, defendants' motion to dismiss [DE 14] is GRANTED. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 29 day of August, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE